## Wolfe Adolphus, Appellee, v. Anna N. Kendall, Appellant.

### Gen. No. 22,746.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding.   Heard in this court at the October term, 1916.   Affirmed.   Opinion filed April 16, 1917.   *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Wolfe Adolphus, plaintiff, against Anna N. Kendall, defendant, to recover on two promissory notes for $1,000 and $500, respectively, signed by defendant, made payable to her order and indorsed by her.   From a judgment for plaintiff for $1,600, on a directed verdict, defendant appeals.

SAMUEL B. HILL and WILLIAM SCOTT STEWART, for appellant.

GEORGE L. SCHEIN, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1.  BILLS AND NOTES, § 447*—*when evidence sufficient to show alteration in date of notes.*   Evidence *held* insufficient to warrant finding that the notes sued on had been altered in their date.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.  BILLS AND NOTES, § 420*—*when exclusion of evidence that plaintiff had received payment for his indorsement is erroneous.* Refusal of the court to allow defendant in an action on an indorsed note by the indorser to show that plaintiff had received money for his indorsement and that he should not- be permitted to recover more than he had paid, *held* not to be error.

3.  BILLS AND NOTES, § 258*—*when defense of maker of lack of consideration and use in violation of agreement is unavailable against indorser.* A defense by the maker of a note sued on by an indorser thereon that the note was without consideration and was used by the party procuring its execution in violation of an agreement with defendant, *held* not to be available to defendant in such action where plaintiff indorsed the note after defendant had executed and indorsed it and there was no evidence tending to show plaintiff had knowledge of such agreement.